**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DeCARLOS D. COLEMAN, #302735,

                Petitioner,

v.                                ACTION NO. 2:04cv724

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                Respondent.

## OPINION AND ORDER

    This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for decision, with the consent of the parties, by Order dated February 9, 2005, pursuant to the provisions of 28 U.S.C. § 636(c), Rule 72 of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

    Petitioner DeCarlos D. Coleman ("Coleman") was convicted in the Circuit Court for the City of Petersburg, following a jury trial on June 12, 2001, of second-degree murder and use of a firearm in the commission of a felony.[1] Coleman was sentenced on

---

[1] While Coleman was convicted of the murder of Lucille Jones, he was acquitted of the attempted murder of Mario Roach.

September 17, 2001, to serve a total of 45 years in prison.

Coleman, by counsel, appealed his conviction to the Court of Appeals of Virginia, which denied his petition for appeal on December 10, 2002. Coleman's subsequent appeal to the Supreme Court of Virginia, by counsel, was denied on April 24, 2003.

On September 11, 2003, Coleman, acting pro se, filed a petition for a writ of habeas corpus in the Circuit Court for the City of Petersburg. That petition was amended, with approval of the Circuit Court by Order dated December 11, 2003, to add another claim for ineffective assistance of counsel (i.e., ground "(a)" as stated below). Ultimately, the Circuit Court dismissed the petition by Final Order dated January 8, 2004.

Coleman, acting pro se, appealed the judgment of the Circuit Court denying the state habeas corpus petition to the Supreme Court of Virginia on April 8, 2004. On August 16, 2004, the Supreme Court of Virginia summarily refused Coleman's petition for appeal.

On December 1, 2004, while in the custody of the Virginia Department of Corrections at Sussex I State Prison in Waverly, Virginia, Coleman filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 1, 2005, the Respondent filed a Motion to Dismiss and Rule 5 Answer, accompanied by a brief in support. Coleman filed a response to the Respondent's motion to dismiss on February 24, 2005.

## B. <u>Grounds Alleged</u>

Coleman now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254, for the reasons substantially as follow:

> (a)   ineffective assistance of counsel on appeal for failure to properly argue the claim of constructive amendment of the indictment because counsel failed to cite relevant case law;
>
> (b)   the indictment was constructively amended, creating a variance that did not conform to any of the indictments, in violation of Petitioner's constitutional rights, when the trial court permitted the Commonwealth to amend a jury instruction by replacing "Mario Roach" with "some person";
>
> (c)   ineffective assistance of counsel at trial for failing to object to the amendment of the murder indictment, which added the words "willfully, deliberately and with premeditation," and for failing to consult with Petitioner before agreeing to the amendment despite having had notice from the Commonwealth that the indictment was to be amended; and
>
> (d)   the trial court erred in refusing to grant the defendant's request for a self-defense jury instruction, given the testimony that more than one gunshot was fired and given Petitioner's testimony that he fired his gun after being fired upon.

Coleman's petition also requests an evidentiary hearing on the basis that "facts in this petition are in dispute" and that "[t]he state court simply dismissed petitioner's petition without any real

review."

Coleman's state habeas petition filed in the Circuit Court for the City of Petersburg asserted substantially the same four claims for relief as alleged here.[2]  That court found, based upon its review of the record, all four claims to be without merit, and it denied and dismissed the habeas petition.[3]  Coleman's subsequent appeal to the Supreme Court of Virginia asserted substantially the same four claims for relief as alleged in the instant petition.[4]  The Virginia Supreme Court summarily refused Coleman's appeal of

---

[2]The Court notes that Coleman's habeas petition to the Circuit Court also asserted a claim regarding the trial court's approval of jury instruction number nine, which instructed the jury that it could infer malice from the defendant's use of a deadly weapon, as being "improper, prejudicial and unconstitutional" and not "acceptable under the common laws and the United States constitution."  In that same petition, Coleman also asserted a claim for ineffective assistance of counsel for his "counsel's failure to object to [that] unconstitutional jury instruction."  In the instant petition, however, Coleman specifically indicated his intent not to raise the ineffective assistance of counsel issue with this Court, stating that he instead wishes to "focus on the other four grounds [raised in the state court]."  Coleman further acknowledged that he "understands that his failure to raise this ground now prevents him from raising it later."  The Court also notes that while Coleman did not specifically state his intent to waive the merits of the claim regarding jury instruction number 9, he also did not raise the issue in his petition to this Court.

[3]The Court notes that, for the reasons discussed in section III.B.2., infra, the Circuit Court did not actually consider the grounds raised in claim (c).

[4]The Court further notes that Coleman asserted two additional claims in his petition to the Virginia Supreme Court, neither of which he has raised in the instant petition: a claim regarding ineffective assistance of counsel for failure to object to jury instruction number nine, and a claim regarding the state court's failure to conduct an evidentiary hearing.

the Circuit Court's decision.

Petitioner's claims are exhausted for purposes of this Court's analysis, having been raised and rejected on the merits in the state courts (claims "(b)" and "(d)" on direct appeal; claims "(a)" and ("c") in the state habeas petition).

## II. <u>REQUEST FOR AN EVIDENTIARY HEARING</u>

As a preliminary matter, the Court considers Petitioner's request for an evidentiary hearing on the basis that the facts are in dispute.  The Court has determined that an evidentiary hearing is not required, since purely legal issues are presented and the record before the Court adequately resolves the legal issues raised.  <u>See</u> Rule 8(a) of the Rules Governing Section 2254 Cases. The facts are not in dispute; Coleman simply disagrees with the interpretation and assessment of the facts.  Accordingly, the Court FINDS that Petitioner's request for an evidentiary hearing is hereby DENIED.

## III. <u>ANALYSIS</u>

### A. <u>Claims Rejected on the Merits in State Habeas Proceedings</u>

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000).  See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]."). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387.  Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." Id. at 411.

Coleman alleges two errors in the trial court proceedings as the basis for claims (b) and (d) – both of which were rejected on the merits on direct review in the state courts.  Specifically, Coleman alleges in claim (b) that the trial court erred in

6

permitting a jury instruction regarding transferred intent to be revised insofar as that constructively amended the indictment, creating a variance in violation of his constitutional rights.  In claim (d), Coleman alleges that the trial court should have granted Petitioner's request to give a self-defense jury instruction, given the "testimony that more than one gunshot was fired" and given Petitioner's own testimony that "[he] fired the gun after being fired upon."

1. **<u>Whether the Indictment was Constructively Amended By the Revision to Jury Instruction Number Thirteen</u>**

Coleman alleges in claim (b) that it was error for the trial court to allow the Commonwealth to amend jury instruction number 13, by replacing "Mario Roach" with "some person", after the presentation of evidence, but before instructing the jury.  The jury instruction supported the Commonwealth's theory of transferred intent because the Commonwealth believed Coleman was shooting at Mario Roach but instead hit the victim, Lucille Jones, and the Commonwealth thus wanted to instruct the jury that any intent to shoot Mario Roach would be "transferred" to the killing of the victim.  At trial, however, Coleman testified that instead of shooting the gun at Mario Roach, as the original jury instruction suggested, he was actually shooting the gun at Fred Jones.  The trial court allowed the Commonwealth to revise the jury instruction, based on the evidence adduced at trial.  Because of this amendment, Coleman argues, the indictment was constructively

7

amended because "this instruction fundamentally altered the Commonwealth's theory of the case [as presented to the grand jury] and therefore the basis and very nature of the indictment [as originally presented to the grand jury]." Coleman further argues that the trial court "impermissibly broadened the possible basis for a conviction beyond those presented by the grand jury."[5]

Because the Supreme Court of Virginia summarily refused Coleman's petition for appeal, this Court looks to the disposition of his habeas petition in the Circuit Court for the City of Petersburg as the last reasoned state judgment on this claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Circuit Court rejected claim (b), finding that it had been raised on direct appeal and should be dismissed under the authority of Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003) (holding that any "non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a [state] habeas proceeding") (emphasis in original) (citing Hawks v. Cox, 175 S.E.2d 271, 274 (Va. 1970) ("[a]bsent a change in

---

[5]In his petition to this Court, Coleman also asserts that the amended jury instruction was erroneous because he was "specifically indicted for the attempted murder of 'Mario Roach' not 'some person'". The Court notes that this particular indictment was for the attempted murder of Mario Roach, a charge for which Coleman was acquitted. Coleman was indicted and convicted for the murder of the victim, Lucille Jones, and that indictment is the only one of relevance to this analysis. Indeed, that indictment, while it was amended in other respects, as discussed infra, did not mention or refer to Mario Roach, and therefore was not affected as a result of the revision to the jury instruction.

circumstances, previous determinations of the issues by either state or federal courts will be conclusive")).  To the extent this determination only involved application of state law, it is not subject to review by this Court.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Where the underlying claim purports to concern a federal constitutional issue, on the other hand, the rule espoused in Henry and Hawks, supra, does not prevent federal habeas review of the claim.  See Goins v. Angelone, 226 F.3d 312, 320, n.3, cert. denied, 531 U.S. 1046 (2000), abrogated on other grounds by Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000) (recognizing that the rule in Hawks, denying state habeas review of "claims raised and decided against petitioner on direct review," does not prevent federal habeas review of otherwise properly raised claims).  In that event, federal habeas review of the claim necessarily involves review of the earlier state court decision that addressed the claim.  See generally id.

In this case, Coleman presents at least a facial claim that the trial court's ruling violated his constitutional rights.  The Court of Appeals of Virginia addressed the merits of this claim upon its direct review of Coleman's appeal.  Because the Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell v.

Jarvis, 236 F.3d 149, 163 (4th Cir. 2000).  Moreover, because the claim was previously adjudicated on the merits in state court, the Court's standard of review is deferential, see Williams, supra.  As such, the cognizability of such a claim does not turn on whether in this Court's judgment the state court erred in ruling on a state law claim.  Bell, 236 F.3d at 162-63.  Instead, such a claim would be cognizable only if this Court determines that the "result [of the state court decision] contravenes or unreasonably applies clearly established federal law" based on Supreme Court precedents. Id. at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

This Court notes the thorough analysis in the state court, as reported in the opinion of the Court of Appeals of Virginia upon its direct review of claim (b).  In dismissing claim (b), the Court of Appeals considered Coleman's testimony that his intent was to shoot in the direction of Fred Jones rather than Mario Roach, and it determined that the amended jury instruction properly "encompass[ed] the factual scenarios of both the Commonwealth and the defense, that [Coleman] intended to shoot a person other than the victim . . . ."  The Court further noted that the indictment itself did not speak to the issue of transferred intent; Coleman was charged with, and convicted of, the first degree murder of Lucille Jones.   Thus, the Court concluded "[t]here was no amendment, constructive or otherwise, to the indictment."

Moreover, the Court rejected defense counsel's reliance on two cases, United States v. Floresca, 38 F.3d 706 (4th Cir. 1994) (constructive amendment of indictment occurs when defendant is charged with one crime but the proof of the crime at trial differs from the specific allegations in the indictment) and on Hawks v. Commonwealth, 321 S.E.2d 650 (1984) (variance between the charges made in the indictment and the evidence adduced at trial is fatal only where the proof at trial is irrelevant to the crime charged in the indictment), in support of the argument that a variance occurred between the charges Petitioner was indicted for and the charges for which he was tried.  The Court notes that neither of these cases would have been dispositive of the issue at hand.  See discussion of claim (a), infra.  The Court held that "there was no fatal variance from the indictment because there was no variance at all.  Instruction #13 [sic] accurately reflected the evidence adduced at trial and did not 'broaden' the charge [Coleman] faced." There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.

This Court concludes that the result of the state court's decision in dismissing claim (b) of Coleman's habeas petition is neither legally nor factually unreasonable.  As such, the Court FINDS that claim (b) is hereby DENIED.

11

## 2. **Whether the Trial Court Erred in Refusing to Grant Defendant's Request for a Self-Defense Jury Instruction**

Coleman alleges in claim (d) "that a prima facie case of self-defense was presented" based on the evidence adduced at trial by Petitioner and by the Commonwealth.  In support of this claim, Coleman cites state law for the definition of justifiable homicide by self defense.  Coleman also points to the admittedly conflicting testimony of several witnesses that more than one shot was fired, and Coleman argues that a "reasonable jury could conclude that the other shot came from another source."  If so, Coleman argues, then the jury could have further concluded that the other source was Fred Jones, the person at whom Coleman alleges he returned gunfire.

Because the Supreme Court of Virginia summarily refused Coleman's petition for appeal, this Court again looks to the disposition of his habeas petition in the Circuit Court for the City of Petersburg as the last reasoned state judgment on this claim.  Ylst, 501 U.S. at 803.  In rejecting Coleman's habeas petition, the Circuit Court also noted that claim (d) was raised on direct appeal and therefore that claim was dismissed under the authority of Henry, supra.  Accordingly, on federal habeas review the Court looks beyond the Circuit Court's decision to that of the Court of Appeals of Virginia.  See Goins, supra.

In this case, Coleman's petition references only state law in addressing this issue.  Nevertheless, the Court notes that Coleman at least facially presents a claim of some violation of his

12

constitutional rights to a trial by jury.  The Court will review this claim on that basis.  Because the Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  Under the deferential standard of review, moreover, this Court may not grant relief on any claim unless one of the two statutory exceptions applies.

This Court notes the thorough analysis in the state court, as reported in the opinion of the Court of Appeals of Virginia upon its direct review of claim (d).  In dismissing claim (d), the Court of Appeals considered Coleman's own testimony as it relates to his dealings with Messrs. Roach and Jones.  The Court of Appeals determined that Coleman "had instigated two separate confrontations: one with [Fred] Jones and a second with [Mario] Roach."  On this basis, the Court concluded that Coleman was not entitled to a self-defense instruction under Virginia law, citing Smith v. Commonwealth, 435 S.E.2d 414, 416 (Va. Ct. App. 1993) ("If an accused 'is even slightly at fault' at creating the difficulty leading to the necessity to kill, 'the killing is not justifiable homicide.'") (citations omitted).

This appears to be a straightforward application of state law based on the state court's assessment of the controlling facts. There is nothing to suggest that adjudication of this issue on the merits by the state court was contrary to, or an unreasonable

application of, clearly established federal law.  In any event, as discussed <u>supra</u>, no relief would be appropriate on such a claim in this Court unless it involves violation of a federal constitutional right to due process of law.  <u>See</u> <u>Estelle</u>, 502 U.S. at 71-72 (the role of a federal habeas court is not to determine the correctness of jury instructions under state law, but "whether the ailing instruction by itself so infected the entire trial [with unfairness] that the resulting conviction violates due process.") (citations omitted).  <u>See also</u> <u>Smith v. Moore</u>, 137 F.3d 808, 821-22 (4th Cir. 1998) (jury instruction that allegedly misstates state law is not subject to federal habeas review because it does not implicate federal constitutional rights.)  The Court concludes no constitutional rights have been violated here.

As to claim (d), therefore, the Court FINDS that the results of the state court's decision in dismissing claim (d) was neither contrary to nor an unreasonable application of federal law.  As such the Court FINDS that claim (d) is hereby DENIED.

## B. <u>Coleman's Ineffective Assistance of Counsel Claims</u>

Claims (a) and (c) allege ineffective assistance of counsel.  Specifically, Coleman alleges in claim (a) that his counsel was ineffective on appeal for failure to properly argue that the indictment was constructively amended.  In claim (c), Coleman alleges that his counsel was ineffective at trial for failure to object to the amendment of the murder indictment on the day of

trial, and for failure to consult with Petitioner before agreeing to the amendment.

### 1. **Whether Counsel Failed to Properly Argue Claim of Constructive Amendment of Indictment**

Coleman alleges in claim (a) that his counsel failed to properly argue the issue of constructive amendment of the indictment because he failed to offer relevant case law in arguing the appeal. This claim derives from claim (b), discussed <u>supra</u>, in which Coleman alleges the trial court erred by improperly permitting the constructive amendment of the indictment to occur in the first place, by amending the jury instruction, and that a variance occurred as a result thereof. Specifically, Coleman points to counsel's reliance only on <u>United States v. Floresca</u>, <u>supra</u>, and on <u>Hawks v. Commonwealth</u>, <u>supra</u>, both of which were rejected by the Court of Appeals on direct review. Instead, Coleman asserts counsel should have cited three additional cases in support of his argument, <u>United States v. Miller</u>, 471 U.S. 130 (1985) (so long as the indictment clearly sets out the crime and elements of the offense that sustain the conviction, a defendant's right to a grand jury is not violated if the indictment also alleges more crimes or other methods of committing the same crime), <u>Stirone v. United States</u>, 361 U.S. 212 (1960) (defendant cannot be convicted of a charge not made in the indictment, which was considered by the grand jury) and <u>United States v. Garquilo</u>, 554 F.2d 59 (2d Cir. 1977) (no material variance occurs between the

indictment and the evidence adduced at trial unless the government attempts to rely on theories and evidence not fairly embraced in the charges made in the indictment).  Had the Court been presented with these cases, Coleman claims, "the violation [that the indictment was constructively amended] would have been proven."

Because the Supreme Court of Virginia summarily refused Coleman's petition for appeal on this claim, this Court again looks to the disposition of his habeas petition in the Circuit Court for the City of Petersburg as the last reasoned state judgment on these claims.  Ylst, 501 U.S. at 803.  In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable."  See Bell, 236 F.3d at 163 (quoting Aycox, 196 F.3d at 1178).

The Circuit Court for the City of Petersburg summarily rejected this claim, stating merely that "[P]etitioner can show neither ineffective assistance of counsel nor prejudice on the issue."  The Court recognizes that this determination derives from the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668, 688-89 (1984).  The state court's decision is nonetheless an adjudication on the merits of the claim, and therefore is entitled to deference under § 2254(d).  See Bell, 236 F.3d at 158.  Because the state court did not articulate the rationale underlying its rejection of Coleman's ineffective assistance claim (a), however, this Court must conduct an independent review of the

16

record and applicable law.  Id.  This review is not de novo; it remains deferential and must be limited to "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law."  Id. at 162. Moreover, while there is no requirement that the federal habeas court "make an independent determination on the merits of the claims," it is "acceptable" for the court to "conclude that the state court decision was correct and, therefore, not an unreasonable application of Supreme Court precedent."  Id. at n.10 (citing Weeks v. Angelone, 176 F.3d 249 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000)).

The controlling standard for ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  As such, to grant Coleman relief on his ineffective assistance of counsel claim, this Court must find that the state court's dismissal of his claim involved an unreasonable application of Strickland.  Under Strickland, the state court was required to subject Coleman's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  To grant relief, the state court had to find: (1) Coleman's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by

counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an

equally rigorous standard.  To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693.  Rather, the petitioner must demonstrate "a reasonable probability[6] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry.  Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order.  Strickland, 466 U.S. at 697.  The court need not even address both prongs if the petitioner fails to make a sufficient showing on one.  Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim.  See id.

With respect to Strickland's first prong, counsel's performance, the record indicates that defense counsel performed adequately.  Defense counsel appears to have made a coherent argument as to the constructive amendment of the indictment. Though the argument was not accepted by the state appeals court,

_____

[6]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

this Court cannot say that counsel's choice of authority in perfecting the direct appeal was unreasonable.  While counsel could have attempted to argue different case law on appeal to the Supreme Court of Virginia, none of the cases Coleman cites would have been dispositive of the issue.  The Court of Appeals found that there was no constructive amendment of the indictment because Coleman was in fact convicted of the very same crime for which he was indicted: the murder of Lucille Jones.  The fact that Coleman may have been shooting at Fred Jones instead of Mario Roach is of no import.  The Court finds that the state court would likely have been no more receptive to counsel's argument had he relied on Miller, Stirone and Garguilo, supra, than it was to his reliance on Floresca and Hawks, supra.  Thus, Coleman's claim fails to satisfy the first prong of the Strickland test.

With respect to Strickland's second prong, Coleman fails to prove any resulting prejudice.  As noted supra, there has been no showing that any of the cases Coleman claims should have been argued would have persuaded the appeals court to rule in his favor. Based on this Court's review of those cases, Coleman has failed to demonstrate a reasonable probability that the outcome of his state court appeal would have been different had counsel included those cases in his argument.  Thus, Coleman has also failed to demonstrate prejudice under Strickland's second prong.

Based on the foregoing, this Court FINDS that Coleman has

failed to establish ineffective assistance of counsel as to claim (a).  As such, the Court FINDS that claim (a) is hereby DENIED.

## 2. **Failure to Object to the Amendment of the Murder Indictment**

Coleman alleges in claim (c) that his counsel was ineffective at trial for failure to object to the amendment of the murder indictment on the day of trial, and for failure to consult with Petitioner before agreeing to the amendment despite having had notice from the Commonwealth that the indictment was to be amended. This claim arises because the indictment was <u>actually</u> amended on the day of trial by inserting the words "willfully, deliberately and with premeditation," upon motion of the Commonwealth and without objection by Petitioner's counsel.[7]  This <u>actual</u> amendment, which forms the basis for claim (c), however, is distinct from the allegation that the indictment was <u>constructively</u> amended when jury instruction number thirteen was revised, which forms the basis for claim (b) and its derivative claim (a), discussed <u>supra</u>.

Because the Supreme Court of Virginia summarily refused Coleman's petition for appeal on this claim, this Court again looks to the disposition of his habeas petition in the Circuit Court for the City of Petersburg as the last reasoned state court judgment on these claims.  <u>Ylst</u>, 501 U.S. at 803.  In deference to the state court's decision, this Court may not grant relief unless it

---

[7]The Court notes that in the trial proceedings Coleman was arraigned again on the amended indictment, apparently with the full cooperation of Coleman and his counsel.

determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (quoting Aycox, 196 F.3d at 1178).

In this case, the Circuit Court for the City of Petersburg rejected this ineffective assistance of counsel claim on the merits, stating, "as noted by the Court of Appeals, there was no amendment to the indictment. Therefore, the claim is deficient and must be dismissed."  In doing so, the Circuit Court noted that counsel's performance at trial was sufficient to preserve the issue on appeal, and that while the Court of Appeals had considered the argument of counsel, it concluded the argument to be without merit.[8] Upon consideration of the above passages, taken in their proper context, however, this Court concludes that claim (c) was not squarely addressed by the Circuit Court.  The issue of the actual amendment of the indictment was never presented to or reviewed by the Court of Appeals on direct review.  The Court has concluded that the Court of Appeals was referring to Coleman's claim that the revision to jury instruction number thirteen had constructively amended the indictment (i.e., claim (b) herein).

---

[8]The Circuit Court referred to the Court of Appeals' opinion, which, after reciting the amended indictment, stated:

> The indictment clearly charges appellant with the first degree murder of Lucille Jones. That is the same charge the trial court submitted to the jury. There was no amendment, constructive or otherwise, to the indictment.

Nowhere on the face of the Court of Appeals' opinion did this issue appear.[9] As such, this Court must conduct its own de novo review of the controlling facts and applicable law on this issue. See Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999) (where a claim properly presented to a state court was not adjudicated on the merits, the standard of review is de novo review of questions of law and mixed questions of law and fact, instead of the deferential review prescribed in § 2254(d)).[10]

In this case, the issue before the Court is not whether the Circuit Court erred in allowing the Commonwealth to amend the murder indictment. Instead, the issue is whether Coleman's counsel's performance on this issue constituted "ineffective assistance of counsel" under the two-prong test of Strickland,

---

[9]Moreover, in addressing this issue, the Circuit Court's Final Order noted that "the [P]etitioner was . . . present at his trial where the jury instruction was amended . . . ." (emphasis added). This further reinforces the Court's view that the Circuit Court confused the actual amendment of the indictment (as raised in claim (c)) with the constructive amendment of the indictment (as raised in claim (b), supra).

[10]The Court notes that 28 U.S.C. § 2254(d) deferential review of "claims adjudicated on the merits in state court proceedings" has been used to review decisions of the Virginia Supreme Court holding that the rule in Peyton v. King, 169 S.E.2d 569 (Va. 1969) barred a constitutional claim antecedent to a guilty plea. See Slavek v. Hinkle, 359 F. Supp. 2d 473, 485 n.14 (E.D. Va. 2005) (construing the term "claim" in § 2254(d) to mean any claim rather than any substantive claim). This Court uses the more rigorous de novo standard in reviewing claim (c). See Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)(distinguishing between a state court deciding a case on the merits and on the basis of a state procedural bar in determining whether § 2254(d) deferential review applies.)

namely, whether counsel was incompetent in failing to object to the amendment and whether his failure to object to the amendment resulted in actual prejudice to the outcome of Coleman's trial.

With respect to the first prong of <u>Strickland</u>, counsel's performance, the record reflects that the failure to object to the amended indictment was not unreasonable.  The Court has determined that the controlling state law permits use of the so-called "short-form indictment" in charging defendants with first-degree and/or second-degree murder.  <u>See, e.g.</u>, <u>Simpson v. Commonwealth</u>, 267 S.E.2d 134 (Va. 1980) (recognizing the validity of Virginia's short-form indictment) (citing <u>Ward v. Commonwealth</u>, 138 S.E.2d 293, 296 ("It is not necessary that the indictment should charge murder in the first degree or use that description which, according to the statute, constitutes that degree of offense.")); <u>Walshaw v. Commonwealth</u>, 603 S.E.2d 633 (Va. Ct. App. 2004) (same).  <u>See also</u> <u>Hartman v. Lee</u>, 283 F.3d 190 (4th Cir. 2002) (upholding North Carolina's short form indictment, which is similar in all pertinent respects to Virginia law on this issue).  Therefore, the original indictment, before the amendment,[11] would have been sufficient under

_____

[11]The original "short-form" indictment, which followed the statutorily prescribed form for a murder indictment, under Virginia Code Ann. § 19.2-221, read in pertinent part:

> DeCarlos DeWayne Coleman on about the 31st day of August in the year Two Thousand did kill and murder one Lucille Jones against the peace and dignity of the Commonwealth of Virginia.

Virginia law to charge Coleman with first-degree murder.  This charge implicitly includes incorporates the "willful, deliberate and premeditated" language of the amended indictment.  As such, Coleman cannot reasonably argue he did not have proper notice that he faced the possibility of a first-degree murder conviction at his trial.  See, e.g., Miller, supra, 471 U.S. at 134-35 (so long as the facts adduced at trial conform to one of the government's theories of the charge contained in the indictment, the indictment provides defendant with ample notice of the charge he has to defend against).  The failure of Coleman's counsel to object to the amendment of the indictment, therefore, was not objectively unreasonable under the circumstances.  Accordingly, the Court finds that Coleman has failed to establish incompetence under the first prong of Strickland.

Coleman also fails to prove any resulting prejudice under the second prong of Strickland.  There has been no showing that an objection by Coleman's counsel to the amendment of the indictment would have changed the outcome of the proceedings.  The amendment

---

The amended indictment, which inserted the words "willfully, deliberately and with premeditation" before the word "kill" then read (emphasis added):

> DeCarlos DeWayne Coleman on about the 31st day of August in the year Two Thousand did willfully, deliberately and with premeditation kill and murder one Lucille Jones against the peace and dignity of the Commonwealth of Virginia.

was statutorily permitted under Virginia law.  The fact is, Coleman was convicted of the same crime for which he was indicted: first-degree murder.  The Court is aware of no authority on which the trial court could have properly sustained an objection to the amended indictment.  Any such objection would have been fruitless.  Coleman has failed to demonstrate a reasonable probability that the outcome of his state court appeal would have been different had counsel objected to the amendment of the indictment.  As such, Coleman has also failed to demonstrate prejudice under Strickland's second prong.

Based on the foregoing, this Court FINDS that Coleman has failed to establish ineffective assistance of counsel as to claim (c).

Coleman's petition also raises a derivative issue, that is counsel's failure to consult with Coleman prior to agreeing to the amendment of the indictment.  Though the Commonwealth formally moved on the morning of trial to amend the indictment, Coleman argues that his counsel was provided advance notice of the amendment and that counsel was ineffective because he should have notified and/or consulted with Coleman before deciding not to object to the amendment.

In evaluating this claim, the Court uses the same two-prong standard under Strickland, supra, namely, whether counsel's performance was ineffective in failing to consult with Coleman

prior to agreeing to the amendment and whether his failure to consult with Coleman resulted in actual prejudice to the outcome of Coleman's trial.

In this case, Coleman has failed to establish either prong. The Court has already determined that the original indictment was sufficient to convict Coleman of first-degree murder, and that the amendment caused no prejudice to Coleman's defense.  Moreover, the Court finds it compelling that Coleman was present when the indictment was amended, and that he apparently raised no objection when he was re-arraigned on the amended indictment, or at the very least Coleman had an opportunity to consult with counsel as to the import of that amendment.  Further, the Court is not persuaded by Coleman's contention that this amendment took Coleman by "surprise" or that it somehow modified his trial preparation.  Indeed, Coleman's argument cuts both ways: given that his counsel was notified of the Commonwealth's intent to amend the indictment, and given that it was counsel's responsibility to prepare Coleman's defense, the amendment could not reasonably have served as a surprise for which Coleman or his counsel were unprepared.

On this issue, the Court FINDS that Coleman's counsel's actions in failing to consult with his client on this issue were not objectively unreasonable under the teachings of Strickland, supra, and the Court FINDS that Coleman has failed to establish ineffective assistance of counsel as to either part of claim (c).

As such, the Court DENIES the petition with respect to claim (c).

## IV. CONCLUSION

The Court has considered Petitioner's request for an evidentiary hearing.  Because purely legal issues are presented in this petition and the record before the Court adequately resolves the legal issues raised, the Court has determined that an evidentiary hearing is not required.  Accordingly, the Court FINDS that Petitioner's request for an evidentiary hearing is hereby DENIED.

For the reasons stated above, this Court FINDS that Petitioner has failed to establish any violation of a federal constitutional right as to either of claims (b) or (d).  Specifically, as to claim (b), the Court has determined that Petitioner failed to establish that the trial court acted objectively unreasonably when it permitted a jury instruction regarding transferred intent to be revised, or that the state Court of Appeals acted objectively unreasonably in deciding there was no constructive amendment to the indictment.  As to claim (d), the Court has also determined that the state court's failure to grant a self-defense jury instruction was not objectively unreasonable under the circumstances. Accordingly, the Court DENIES the petition with respect to claims (b) and (d).

For the reasons stated above, this Court FINDS that Petitioner has failed to establish ineffective assistance of counsel as to claims (a) or (c) under either prong of Strickland . Specifically, as to claim (a), the Court has determined that Petitioner failed to demonstrate counsel's performance was unreasonable for his failure to cite different case law in support of his argument that the

indictment was constructively amended when jury instruction number thirteen was revised.   Petitioner also failed to establish any resulting prejudice as a result of counsel's actions. Specifically, as to claim (c), the Court has also determined that Petitioner failed to demonstrate counsel's performance was unreasonable for his failure to object to the amendment of the indictment on the morning of trial.   The Court has further determined that Petitioner did not establish his counsel's actions in failing to consult with Petitioner before agreeing to the amendment of the indictment were ineffective under the teachings of Strickland.   Accordingly, the Court FINDS that Petitioner has failed to establish ineffective assistance of counsel as to either part of claim (c).   As such, the Court DENIES the petition with respect to claims (a) and (c).

## V. ORDER

For the foregoing reasons, this Court FINDS that it is unnecessary to conduct an evidentiary hearing and DENIES Petitioner's request for an evidentiary hearing.   The Court FINDS that Petitioner has failed to establish any violation of a federal constitutional right as to either of claims (b) or (d), and the Court FINDS that Coleman has failed to establish ineffective assistance of counsel as to either of claims (a) or (c). Accordingly, the Court DENIES the petition with respect to all of Petitioner's claims.   The Court ORDERS that Petitioner's petition for writ of habeas corpus be DENIED, Respondent's motion to dismiss be GRANTED, and all of Petitioner's claims be DISMISSED WITH

PREJUDICE.

Petitioner may appeal from the judgment entered pursuant to this Order by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States District Court, Eastern District of Virginia, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Opinion and Order to Petitioner, <u>pro</u> <u>se</u>, and to counsel of record for Respondent: Stephen R. McCullough, Esq., Assistant Attorney General of Virginia.

ENTERED this 6th day of September, 2005.

_____/s/_____
F. Bradford Stillman
United States Magistrate Judge
